Lawrence H. Cooke, J.
In this article 78 proceeding, petitioner seeks a review ‘1 of the determination of the Tax Commission of the State of New York made on or about the 23rd day of October, 1962, in the matter of the application of the petitioner for revision or refund of Unincorporated Business Taxes under Article 16-A of the Tax Law of the State of New York for the years 1953,1954,1955,1956,1957,1958 and 1959 assessed against him, to the end that a final Order may be granted herein revising and annulling such determination of the Tax Commission directing that the Commission shall determine that the petitioner is not subject to the provisions of Unincorporated Business Taxes under Article 16-A of the Tax Law, as assessed against him for the years 1953, 1954, 1955, 1956, 1957, 1958 and 1959, and that there be returned to petitioner the amount of taxes, interest and other charges to bo deposited with the State Tax Commission. ’ ’
*968 . The answer of respondents admits that a formal hearing was had in connection with petitioner’s application for a revision or refund of unincorporated business taxes assessed for the years 1953 to 1959, inclusive. It also alleges that previously petitioner commenced a proceeding for a review of a final determination of the State Tax Commission which upheld the. assessment of unincorporated business tax against him for the years 1950 to 1952, inclusive, which resulted in an order of the Appellate Division affirming the determination of the said commission, attention being called to the opinion of Matter of Sundberg v. Bragalini (7 A D 2d 15, mot. for rearg. and lv. to app. den. 7 A D 2d 953, mot. for lv. to app. den. 6 N Y 2d 705, mot. for stay den. 6 N Y 2d 777). It is further alleged that the petition herein in effect is identical to that in the previous proceeding except for the taxable years under review and an attack on the constitutionality of the applicable sections of the Tax Law, that the constitutionality thereof was upheld in People ex rel. Moffett v. Bates (276 App. Div. 38, affd. 301 N. Y. 597, cert. den. 340 U. S. 865) and that, although the quantity of the evidence in both proceedings differs, the quality is the same. The defense of res judicata is affirmatively pleaded.
Petitioner contends that the matter should be transferred to the Appellate Division for determination and respondents contend that such a transfer would be improper. Section 1296 of the Civil Practice Act provides that, where the determination under review was made as the result of a hearing held, and at which evidence was taken, pursuant to statutory direction, and if the questions are raised by petitioner as to whether there was any competent proof of all the facts necessary to be proved in order to authorize the making of the determination and, if there was such proof, whether upon all the evidence, there was such a preponderance of proof against the existence of any of those facts that the verdict of a jury, affirming the existence thereof, rendered in an action in the Supreme Court triable by a jury, would be set aside by the court as against the weight of the evidence, in such eases, the court shall make an order directing that the proceedings be transferred for disposition to the appropriate Appellate Division. These questions involve the existence of competent proof and the sufficiency of the evidence in support of the determination made by the officer or body which is under attack and, where such questions arise in a proceeding and it becomes necessary to decide them, the court at Special Term is to transfer the proceeding to the Appellate Division (22 Carmody-Wait, New York Practice, p. 523). However, even in such instances where Special Term is required *969 to order the transfer, it may pass on objections to the petition in point of law and may dismiss it on the merits where it appears that petitioner is not entitled to relief because of the provisions of sections 1285 and 1286 of the Civil Practice Act (Matter of City Ice & Fuel Co. v. Public Serv. Comm., 260 App. Div. 537, 543).
Is the defense of res judicata, as alleged by respondents, such as to require dismissal of the proceeding or to deny a transfer to the Appellate Division? The decision in People ex rel. Watchtower Bible Soc. v. Haring (286 App. Div. 676) appears to be controlling. There, appellant contended its farm was exempt from taxation and it appeared that a similar proceeding regarding the assessment for a previous year had been decided adversely to appellant. The Appellate Division, Third Department, said (p. 680): “ The parties in the new proceeding do not have to start with the former adjudication and then show a change of facts since that time; they may relitigate the entire issue de novo It was held (p. 682): “ We therefore conclude that the adverse determination in the 1947 proceeding does not bar the relitigation by the appellant of the issue of whether the supplying of food to the Bethel family is an exempt use of the property, as well as the issue with respect to the surplus sold to the public, even though there is no claim that the material facts as to the former issue are any different from those which were before the court in the prior proceeding.
‘ ‘ Important considerations of public policy support the conclusion here reached. If the denial of an exemption on account of an alleged charitable or religious use is held to be res judicata in subsequent tax years, then the granting of an exemption must similarly be held to be a binding adjudication against the taxing authorities in subsequent years. It would clearly be against the public interest to foreclose the relitigation of an issue of that character by the public authorities in subsequent years merely because it had once been adversely decided with respect to a particular year. Furthermore, the situation would be unjust and intolerable if taxpayers carrying on the same kind of activities were treated differently because one of them had either been granted or denied an exemption from taxation upon the basis of a factual situation proved to have existed in an earlier year. Speaking of the doctrine of res judicata as sought to be applied to the classification of merchandise for customs purposes, the United States Supreme Court pointed out that, if an importer ‘ can rely upon a conclusion in early litigation as one which is to remain final as to it, and not to be reheard in any way, while a similar importation made by another importing *970 house may he tried and heard and a different conclusion reached, a most embarrassing situation is presented. * * * Such a result would lead to inequality in the administration of the customs law, to discrimination and to great injustice and confusion ’ (United States v. Stone & Downer Co., 274 U. S. 225, 236).” (See, also, Stoddard v. Commissioner of Internal Revenue, 141 F. 2d 76, 80; Town of Harrison v. County of Westchester, 34 Misc 2d 1020, 1030.)
Even though one may entertain doubts as to petitioner’s ultimate success, there is no alternative at this time but to order the transfer of the proceeding to the Appellate Division.