■ In the Matter of the Claim of GEORGE SVOLOS, Respondent, v. FLATBUSH PLAZA RESTAURANT et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The employer and its carrier appeal from a decision and award of the Workmen's Compensation Board. Claimant was long employed as a waiter whose routine work required the lifting and carrying of laden trays weighing about 30 pounds. The board's finding is that his employment activities resulted in a bilateral inguinal hernia. The medical evidence is in agreement that claimant's occupation could produce the hernial condition. The board was not required because of evidence of a specific inceptive incident to classify claimant's condition as an accidental injury as appellants contend but could draw the contrary inference from the proof that the disease was one recognizably linked to the strains of waitering generally and hence occupational in origin. (*Matter of Makowski* v. *Darling & Co.*, 18 A D 2d 1120, mot. for lv. to app. den. 13 N Y 2d 594; *Matter of Silverman* v. *Little West Mfg. Co.*, 20 A D 2d 612.) There is ample evidence supportive of the determination. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, J. P., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.

■ In the Matter of HAROLD E. SUNDBERG, Petitioner, v. JOSEPH H. MURPHY et al., Constituting State Tax Commission, Respondents.— Proceeding under article 78 of the Civil Practice Act to review a determination of the State Tax Commission which held petitioner subject to unincorporated business tax, as against his contention that as a sales engineer, manufacturers' agent or manufacturers' representative in the employ of business corporations he was engaged in the practice of a profession. (See Tax Law, art. 16-A; also, *Matter of Sundberg* v. *Bragalini*, 7 A D 2d 15, mot. for lv. to app. den. 6 N Y 2d 705.) Determination confirmed, with 50 costs. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur. [39 Misc 2d 967.]